# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>CyberTip 220612839 located at the Federal Bureau<br>of Investigation Everett Resident Office. | )<br>)<br>)<br>)<br>)<br>)<br>)     Case No.    MJ26-341 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
CyberTip 220612839 located at the Federal Bureau of Investigation Everett Resident Office.

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, for list of items to be seized, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252(a)(4)(B), (b)(2) | Possession of Child Pornography |

The application is based on these facts:

See Affidavit of FBI Special Agent Kelly Forest.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Kelly H. Forest, Special Agent (FBI)
_____
*Printed name and title*

This warrant is presented: ☑ by reliable electronic means ☐ telephonically recorded ☐ in person.

Date: _____ June 1, 2026 _____

_____
*Judge's signature*

City and state: _____ Seattle, Washington _____

Michelle L. Peterson, United States Magistrate Judge
_____
*Printed name and title*

USAO: 2026R00725

# AFFIDAVIT OF SPECIAL AGENT KELLY H. FOREST

STATE OF WASHINGTON            )

                               )        **AFFIDAVIT**

                               )

COUNTY OF SNOHOMISH            )

I, Kelly H. Forest, a Special Agent with the Federal Bureau of Investigation in, Everett, Washington, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since July 2020.  I am a law enforcement officer of the United States, within the meaning of Title 18, United States Code, who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code.

2.      I am assigned to the Everett and Bellingham Resident Agency as part of the FBI's Seattle Field Office, where I specialize in Violent Crimes Against Children and Human Trafficking investigations occurring in Snohomish, Skagit, Whatcom, Island, and San Juan counties, which are situated in the Western District of Washington.  I am assigned to the FBI Seattle's Crimes Against Children & Human Trafficking Task Force, which includes investigations of the online sexual exploitation of children involving the transmission, possession and production of child pornography, exploitation of children on the internet, and other federal criminal activity.  I am also a member of the Seattle Internet Crimes Against Children Task Force ("Seattle ICAC").  The goal of the Seattle ICAC is to catch distributors of child sexual abuse material (CSAM) on the Internet, whether delivered on-line or solicited on-line and distributed through other channels and to catch sexual predators who solicit victims on the Internet through chat rooms, forums and other methods.

AFFIDAVIT OF SA KELLY H. FOREST - 1
USAO #2026R00725

3.    I received specialized training as a Digital Evidence Extraction Technician in July 2025 as authorized by the FBI's Computer Analysis and Response Team.  In this capacity, I have specialized training in computer forensics, which involves the search, seizure, and extraction of digital evidence; this requires on-going mandatory training on an annual or semi-annual basis.

4.    I have received specialized training from the FBI Academy consisting of legal classes, criminal procedure, investigative techniques, evidence preservation and collection, and other law enforcement training classes. Through my training and experience, I have developed an understanding of common habits and practices used by those engaged in criminal acts against children and those who facilitate the commercial sex trafficking of minors and adults. I am familiar with and have participated in a variety of investigative techniques including but not limited to surveillance, interviewing of witnesses/suspects, and the execution of search and seizure warrants, and arrest warrants that involved child exploitation, child pornography offenses, and/ or commercial sex trafficking offenses.

5.    I make this Affidavit in support of an application, pursuant to Federal Rule of Criminal Procedure 41, for a warrant authorizing the review of all data and electronic files provided in CyberTip # 220612839 located at the Federal Bureau of Investigation, Everett Resident Agency.

6.    The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

7.    Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth

AFFIDAVIT OF SA KELLY H. FOREST - 2
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

each and every fact that I or others have learned during the course of this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for the requested search warrant.

## DEFINITIONS

8.     The following definitions apply to this affidavit:

a.     "Chat," as used herein, refers to any kind of text communication over the internet that is transmitted in real-time from sender to receiver.  Chat messages are generally short in order to enable other participants to respond quickly and in a format that resembles an oral conversation.  This feature distinguishes chatting from other text-based online communications such as internet forums and email.

b.     For the purposes of this affidavit, a "minor" refers to any person less than eighteen years of age and for the purpose of this search warrant, "Child pornography," as used herein, is defined in 18 U.S.C. § 2256 (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

c.     "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.  See 18 U.S.C. § 2256(2).

d.     "Cloud-based storage service," as used herein, refers to a publicly accessible, online storage provider that collectors of depictions of minors engaged in sexually explicit conduct can use to store and trade depictions of minors engaged in

AFFIDAVIT OF SA KELLY H. FOREST - 3
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sexually explicit conduct in larger volumes. Users of such a service can share links and associated passwords to their stored files with other traders or collectors of depictions of minors engaged in sexually explicit conduct in order to grant access to their collections. Such services allow individuals to easily access these files through a wide variety of electronic devices such as desktop and laptop computers, mobile phones, and tablets, anywhere and at any time. An individual with the password to a file stored on a cloud-based service does not need to be a user of the service to access the file. Access is free and readily available to anyone who has an internet connection.

e.    "Computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device," including smartphones and mobile devices.

f.    "Data," as used herein refers to the quantities, characters, or symbols on which operations are performed by a computer, being stored and transmitted in the form of electrical signals and recorded on magnetic, optical, or mechanical recording media.

g.    "Digital Devices" as used herein refers to any physical object that has a computer, microcomputer, or hardware that is capable of receiving, storing, possessing, or potentially sending data.

h.    "File Transfer Protocol" ("FTP"), as used herein, is a standard network protocol used to transfer computer files from one host to another over a computer network, such as the internet. FTP is built on client-server architecture and uses separate control and data connections between the client and the server.

i.    "Internet Service Providers" ("ISPs"), as used herein, are commercial organizations, community-owned, non-profit, or otherwise privately-owned companies that are in business to provide individuals and businesses access to the

AFFIDAVIT OF SA KELLY H. FOREST - 4
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

internet. ISPs provide a range of functions for their customers including access to the internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment.

j.    "Mobile applications," as used herein, are small, specialized programs downloaded onto mobile devices that enable users to perform a variety of functions, including engaging in online chat, reading a book, or playing a game.

k.    "Records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade, photographic, mechanical, electrical, electronic, or magnetic form.

l.    "User Attributes," as used herein refers to any tangible data, documents, settings, programs, or other information that provides information related to the identity of the specific user of the device, computer, application, program, or record.

## BACKGROUND

9.    Based on my training, experience and collaboration with agents/detectives investigation child exploitation, industry experts, academia and other law enforcement personnel, I know the following:

a.    That adult persons with a sexual interest in minors are persons whose sexual targets are children. They receive sexual gratification and satisfaction from actual physical contact with children, fantasy involving the use of writings detailing physical contact with children, and/or from fantasy involving the use of pictures and/or videos of minors.

b.    The development of the computer has changed the way children are engaged in sexually explicit conduct and the files created therefrom are distributed thereafter. The computer serves four functions in connection with depictions of children engaged in sexually explicit conduct. These four functions include: production, communications, distribution, and storage.

AFFIDAVIT OF SA KELLY H. FOREST - 5
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.      Pornographers produce both still and moving images, i.e.: photographs and video.  These files can be transferred either directly from the camera/camera phone into a computer or mobile application, directly from a storage device such as a flash drive to a computer, or the image files can be transferred directly into the computer by use of a scanner.

d.      In addition to data sharing between phones, mobile and desktop applications, and websites, e-mail may also be used electronically transmits files through a user's electronic device.

e.      All that a smart phone or computer user needs to do in order to use an application, website, or email is open up an account with one of the myriad of companies that provide services (e.g. Meta, Microsoft, Google, Discord, Snapchat, Dropbox, etc.).  Once the account is set up, the user can choose the "name" of his/her account, which does not have to match (or even relate to) identifying information of the user.  Thus, the username by itself does nothing to identify the owner of the account, the user, or the composer of the communication.  Nevertheless, often times the communications themselves, contain information that either directly or indirectly identifies the composer of the file.  Based on my training and experience investigating child exploitation offenses, I know it is common for collectors of depictions of minors engaged in sexually explicit conduct to use multiple social media accounts and/or applications in order conceal their true identity and/or more easily categorize their collection according to the type of material or source.

f.      Individuals involved in computer-related crimes often use these accounts to conduct both criminal and non-criminal communications.  Consequently, these communications can be a great source of information to help identify the sender and/or recipient of the file and/or message.  The ability to view these communications by investigating law enforcement often provides further investigative leads to assist in identifying the person of interest.

AFFIDAVIT OF SA KELLY H. FOREST - 6
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g.      I know that an Internet Protocol (IP) address is a numerical label assigned to devices communicating on the internet and that the Internet Assigned Numbers Authority (IANA) manages the IP address space allocations globally.  An IP address provides the methodology for communication between devices on the internet. It is a number that uniquely identifies a device on a computer network and, using transport protocols, moves information on the internet. Every device directly connected to the internet must have a unique IP address.

h.      An IP address is typically comprised of four (4) series of numbers separated by periods and is most commonly represented as a 32-bit  number such as 71.227.252.216 (Internet Protocol Version 4).  IPv6 is deployed as well and is represented as a 128-bit number such as 2001:db8:0:1234:0:567:8:1.

i.      IP addresses are owned by the Internet Service Provider and leased to a subscriber/customer for a period of time.  They are public and visible to others as you surf the internet.  The lessee has no expectation of privacy due to the public nature of IP addresses.

j.      When an Internet Service Provider's customer logs onto the internet using a computer or another web-enabled device, they are assigned an Internet Protocol (IP) address.

k.      There are two different types of Internet Protocol addresses.  The first is a dynamic IP address, which means the user's IP address may change each time they log on to the internet.  The frequency in which this address changes is generally controlled by the Internet Service Provider and not the user. The other type of IP address is a static IP address, which means that a user is assigned a specific IP address that remains constant every time they log on to the internet.

l.      IP addresses are similar to a license plate on a motor vehicle.  They are the property of the issuer, and not the vehicle owner.  Just as your license plate is visible as you cruise your city or town, your IP address is visible as you cruise the

AFFIDAVIT OF SA KELLY H. FOREST - 7
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

internet. Your IP address is visible to the administrators of websites you visit, attached emails you send, and broadcast during most internet file and information exchanges that occur on the internet.

m. I know based on my training and experience, that Electronic Service Providers ("ESP") and/or Internet Service Providers ("ISP," collectively ISP) typically monitor their services utilized by subscribers. To prevent their communication networks from serving as conduits for illicit activity and pursuant to the terms of user agreements, ISPs routinely and systematically attempt to identify suspected depictions of minors engaged in sexually explicit conduct that may be sent through its facilities. Commonly, customer complaints alert them that an image or video file being transmitted through their facilities likely contains suspected depictions of minors engaged in sexually explicit conduct.

n. When an ESP/ISP receives such a complaint or other notice of suspected depictions of minors engaged in sexually explicit conduct, they may employ a "graphic review analyst" or an equivalent employee to open and look at the image or video file to form an opinion as to whether what is depicted likely meets the federal criminal definition of depictions of minors engaged in sexually explicit conduct found in 18 USC § 2256, which is defined as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where: (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. If the employee concludes that the file contains what appears to be depictions of minors engaged in sexually explicit conduct, a hash value of the file can be generated by

AFFIDAVIT OF SA KELLY H. FOREST - 8
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

operation of a mathematical algorithm. A hash value is an alphanumeric sequence that is unique to a specific digital file. Any identical copy of the file will have exactly the same hash value as the original, but any alteration of the file, including even a change of one or two pixels, results in a different hash value. Consequently, an unknown image can be determined to be identical to an original file if it has the same hash value as the original. The hash value is, in essence, the unique fingerprint of that file, and when a match of the "fingerprint" occurs, the file also matches. Several different algorithms are commonly used to hash-identify files, including Message Digest 5 (MD5) and Secure Hash Algorithm 1 (SHA-1).

o.      Hash values are a very reliable method of authenticating files. It can be concluded with an extremely high degree of certainty that two files sharing the same hash value also share identical content. Based on my training and experience, as well as others in this field, I know it is more likely that two humans would share the same biological DNA than for two files to share the same hash value. If even one bit (the smallest measure of data in a file) of a file is changed, the entire hash value of that file changes completely. As an example that demonstrates the uniqueness of a SHA-1 hash, the likelihood of two files having the same SHA-1 hash value is $2^{128}$ or:1 in 340,000,000,000,000,000,000,000,000,000,000,000,000 chance.  In an August 6th, 2020 article in Live Science[1], according to Professor Simona Francese, PhD, a forensic scientist and fingerprint expert from Sheffield Hallam University in the United Kingdom, the likelihood of two humans having the same fingerprint is estimated to be:1 in 64,000,000,000.[2]

p.      For two different files to have the same hash value is called a *collision*. I know from experience that there have been no documented incidents of a

[1] Baker, Harry. "Do Identical Twins Have Identical Fingerprints?" LiveScience, Purch, 7 Aug. 2021, https://www.livescience.com/do-identical-twins-have-identical-fingerprints.html.
[2] Of note, in the same article, Professor Francese, who is a peer-reviewed, published scientist, commented, "to this day, no two fingerprints have been found to be identical."

AFFIDAVIT OF SA KELLY H. FOREST - 9
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

collision involving SHA-1 hash values "in the wild" since its creation in 1995. I am, however, aware of a reported collision involving two files sharing the same SHA-1 value in a lab setting. This was done purposely by engineers at Google[3] in 2017 under controlled conditions for the sole purpose of creating this collision. Even with this knowledge in mind, I am confident that the possibility of a suspected child sexual abuse material file reported in a CyberTip having the same hash value as an unrelated, non-criminal file is extremely unlikely. I believe hash value comparison is a highly reliable method of determining if two files are the same or different, and that a confirmed hash match between two files is a forensic finding on a par with a DNA match or a fingerprint match.

q.      ESPs typically maintain a database of hash values of files that they have determined to meet the federal definition of depictions of minors engaged in sexually explicit conduct found in 18 USC § 2256.  The ISPs typically do not maintain the actual suspect files themselves; once a file is determined to contain suspected depictions of minors engaged in sexually explicit conduct, the file is deleted from their system.

r.      The ESPs can then use Image Detection and Filtering Process ("IDFP"), Photo DNA (pDNA), or a similar technology which compares the hash values of files embedded in or attached to transmitted files against their database containing what is essentially a catalog of hash values of files that have previously been identified as containing suspected depictions of minors engaged in sexually explicit conduct.

s.      When the ESP detects a file passing through its network that has the same hash value as an image or video file of suspected depictions of minors engaged in sexually explicit conduct contained in the database through a variety of methods, the ISP

---

[3] "Announcing the First sha1 Collision." *Google Online Security Blog*, 23 Feb. 2017, https://security.googleblog.com/2017/02/announcing-first-sha1-collision.html.

AFFIDAVIT OF SA KELLY H. FOREST - 10
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

reports that fact to National Center for Missing and Exploited Children (NCMEC) via the latter's CyberTipline. By statute, an ESP or ISP has a duty to report to NCMEC any apparent depictions of minors engaged in sexually explicit conduct it discovers "as soon as reasonably possible." 18 U.S.C. § 2258A(a)(1). The CyberTip line report transmits the intercepted file to NCMEC. Often that occurs without an ISP employee opening or viewing the file because the files hash value, or "fingerprint," has already been associated to a file of suspected depictions of minors engaged in sexually explicit conduct. The ISP's decision to report a file to NCMEC is made solely on the basis of the match of the unique hash value of the suspected depictions of minors engaged in sexually explicit conduct to the identical hash value in the suspect transmission.

t.      ESP's also monitor which devices are used to access their platform by recording the advertising identification number. This number is a unique identifier assigned to hardware devices used by ESP's to track users semi-anonymously and provide targeted advertisements. Because it is a unique identifier, this information can link specific devices owned by specific individuals with the criminal activity on a particular platform's account.

u.      Most Internet Service Providers keep subscriber records relating to the IP address they assign, and that information is available to investigators. Typically, an investigator has to submit legal process (e.g. subpoena or search warrant) requesting the subscriber information relating to a particular IP address at a specific date and time.

v.      A variety of publicly available websites provide a public query/response protocol that is widely used for querying databases in order to determine the registrant or assignee of internet resources, such as a domain name or an IP address block. These include WHOIS, MaxMind, arin.net, and other common search tools.

w.      The act of "downloading" is commonly described in computer networks as a means to receive data to a local system from a remote system, or to initiate such a data transfer. Examples of a remote system from which a download might be

AFFIDAVIT OF SA KELLY H. FOREST - 11
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

performed include a webserver, FTP server, email server, or other similar systems. A download can mean either any file that is offered for downloading or that has been downloaded, or the process of receiving such a file.  The inverse operation, "uploading," refers to the sending of data from a local system to a remote system such as a server or another client with the intent that the remote system should store a copy of the data being transferred, or the initiation of such a process.

x.     The National Center for Missing and Exploited Children (NCMEC) is a private, non-profit organization established in 1984 by the United States Congress. Primarily funded by the Justice Department, the NCMEC acts as an information clearinghouse and resource for parents, children, law enforcement agencies, schools, and communities to assist in locating missing children and to raise public awareness about ways to prevent child abduction, child sexual abuse and depictions of minors engaged in sexually explicit conduct.

y.     The Center provides information to help locate children reported missing (by parental abduction, child abduction, or running away from home) and to assist physically and sexually abused children. In this resource capacity, the NCMEC distributes photographs of missing children and accepts tips and information from the public. It also coordinates these activities with numerous state and federal law enforcement agencies.

z.     The CyberTipline offers a means of reporting incidents of child sexual exploitation including the possession, manufacture, and/or distribution of depictions of minors engaged in sexually explicit conduct; online enticement; child prostitution; child sex tourism; extra familial child sexual molestation; unsolicited obscene material sent to a child; and misleading domain names, words, or digital images.

aa.     Any incidents reported to the CyberTipline online or by telephone go through this three-step process:  CyberTipline operators review and prioritize each lead; NCMEC's Exploited Children Division analyzes tips and conducts additional

AFFIDAVIT OF SA KELLY H. FOREST - 12
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

research; The information is accessible to the FBI, ICE, and the USPIS via a secure Web connection.  Information is also forwarded to the ICACs and pertinent international, state, and local authorities and, when appropriate, to the ESP.

## GOOGLE

10.    Google is an online search engine, content platform, service provider, and information amalgamator.  Since their debut Google currently maintains a variety of online content products and services and they are ranked as one of the most frequently visited web sites in the United States.  The following information was gleaned from Google's website, privacy policy and other on-line resources.  Google offers a large number of products including Gmail, Chrome Web Browser, Waze, YouTube, Chromecast, Google Home, Android, Google Auto, Google Maps, Gmail, the Google+ social media site, photo hosting platforms and many others.  In addition to information Google obtains from a user using their services, Google collects data on a user from other companies doing business on the internet.  They amalgamate the data in order to sell advertising aimed at the specific user.

11.    Google identifies accounts in a variety of ways, primarily by Gmail account, but also telephone number, or IMEI number of an Android device.  Basic data that Google stores about users include:

- Name, gender, and date of birth
- Email addresses
- Phone numbers
- Websites visited
- Searches made on Google Search
- Ad preferences
- YouTube search history and recently watched videos

12.    Location data is also collected and stored by Google.  They use advanced location recognition technology in order to routinely calculate your location.  Android

AFFIDAVIT OF SA KELLY H. FOREST - 13
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

phones, which run off of Google's services, and Pixel, Google's own phone, track and record a user's location through several means, including Wi-Fi, GPS, and cellular networks. Other more specific types of information collected and stored by Google include the following:

a. Account Information - User name, primary email address, secondary email addresses, connected applications and sites, and account activity, including account sign in locations, browser information, platform information, and internet protocol (IP) addresses;

b. Android Information - Device make, model, and International Mobile Equipment Identifier (IMEI) or Mobile Equipment Identifier (MEID) of all associated devices linked to the Google accounts of the target device;

c. Evidence of user attribution - accounts, e-mail accounts, passwords, PIN codes, account names, user names, screen names, remote data storage accounts, credit card number or other payment methods, contact lists, calendar entries, text messages, voice mail messages, pictures, videos, telephone numbers, mobile devices, physical addresses, historical GPS locations, two-step verification information, or any other data that may demonstrate attribution to a particular user or users of the account(s).

d. Calendar - Calendars, including shared calendars and the identities of those with whom they are shared, calendar entries, notes, alerts, invites, and invitees

e. Contacts - Contacts stored by Google including name, contact phone numbers, emails, social network links, and images;

f. Documents – All user created documents stored by Google;

g. Finance - Records of securities, funds, and portfolios associated with the target Google account and/or target device;

h. Gmail - All email messages, including inbox messages, sent mail, saved drafts, chat histories, and emails in the trash folder.  Such messages include information such as the date, time, internet protocol (IP) address routing information,

AFFIDAVIT OF SA KELLY H. FOREST - 14
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sender, receiver, subject line, any other parties sent the same electronic mail through the 'cc' (carbon copy) or the 'bcc' (blind carbon copy), the message content or body, and attached files;

i.      Google Photos - Images, graphic files, video files, and other media files stored in the Google Photos service;

j.      Location History - Location data including that derived from Global Positioning System (GPS) data, cell site/cell tower triangulation/trilateration, precision measurement information such as timing advance or per call measurement data, and Wi-Fi location.  Such data typically includes the GPS coordinates and the dates and times of all location recordings;

k.      Play Store - Applications downloaded, installed, and/or purchased by the associated account and/or device;

l.      Search History - All search history and queries;

m.      Voice - Call detail records, connection records, short message system (SMS) or multimedia message system (MMS) messages, and voicemail messages sent by or from the Google Voice account associated with the target account/device;

n.      Google Home – Information related to Google Home including, but not limited to, device names, serial numbers, Wi-Fi networks, addresses, media services, linked devices, video services, voice and audio activity, and voice recordings with dates and times.

o.      Google Assistant – Information related to Google Assistant including device names, serial numbers, Wi-Fi networks, addresses, media services, linked devices, video services, voice and audio activity, and voice recordings with dates and times.

p.      Android Auto – Information related to Android Auto including, but not limited to, device names, serial numbers and identification numbers, device names,

AFFIDAVIT OF SA KELLY H. FOREST - 15
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

maps and map data, communications including call logs and text messages, voice actions, and location data.

q.    Android Drive – Data stored in the Google Drive for the listed account.

### PROBABLE CAUSE

13.    On or about September 24, 2025, the National Center for Missing and Exploited Children (NCMEC) received CyberTip 220612839 submitted by Google. According to CyberTip 220612839, Google identified 19 suspected child sexual abuse material (CSAM) files uploaded to a user's account where only two (2) of the files were viewed by Google. The date of the file uploads occurred in September 2025.

14.    Google also provided the following subscriber information for the user of the account: name Jd Webb, phone numbers +14258353216 (verified), +14255315480 (verified), +14255343574 (verified), date of birth (DOB) XX/XX/1982, emails Jdwebb907@gmail.com (verified) and Jdwebb39@outlook.com.

15.    On or around February 9, 2026, Mountlake Terrace Police Department (MLTPD) contacted the FBI regarding the CyberTip and their investigation. MLTPD conducted local records checks for the last name "Webb" with the DOB of XX/XX/1982 and located a record for James Dewey WEBB at address located on 244th Street SW, Mountlake Terrace, Washington.

16.    WEBB was an actively registered sex offender for an August 2023 conviction in Washington State for Possession of Depictions of Minor Engaged in Sexually Explicit Conduct in violation of RCW 9.68A.070.

17.    MLTPD also submitted a search warrant to Comcast for the subscriber information of the IP address at the time of a CSAM file upload (paragraph 25), September 21,2025, at 10:39:22 UTC, which resolved to the same aforementioned address, XXXX 244th Street SW, Mountlake Terrace, Washington. MLTPD advised that address was a known group home for registered sex offenders.

AFFIDAVIT OF SA KELLY H. FOREST - 16
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18.    Two (2) of the files attached to the CyberTip have been documented as viewed by Google, while 17 other files were documented as not viewed by Google. I seek judicial approval to review the 17 files not viewed by the ESP.

19.    I reviewed the 2 viewed files from the CyberTip and describe one as follows:

**a.    Filename: Google-CT-RPT-220612839-ef35adf66e0c8e78866c3f2f6833b0b5-Session-Image_2025-09-20-232100.jpeg**

Description: The image depicts two fully nude brunette females sitting on a red couch. The older female is sitting faced towards the camera, wearing black knee-night socks and a black tie with visible tattoos on her left wrist and left collarbone. She is holding a pink sex toy commonly referred to as a "dildo" with one end appearing to be inserted into her vagina and the other end pressed up between the younger female's legs. The younger female is fully nude, straddling the older female and is looking back towards the camera. Based on the younger female's lack of breast, hip and muscle development, she is estimated to be between the ages of 10 and 14 years old.

I believe this file depicts the sexual exploitation of a child as outlined in 18 U.S.C. § 2256.

20.    I observed that the CyberTip listed 4 files as B1 and 9 files as B2. Pursuant to the table listed below, that indicates that this image was previously viewed and identified as meeting the definition of that category:

The following categorization system was created by various ESPs in January 2014 and updated in June 2022:

| Content Ranking | | 1 | 2 |
|---|---|---|---|
| A | Prepubescent Minor | A1 | A2 |
| B | Pubescent Minor | B1 | B2 |

| Rank | Term | Definition |
|---|---|---|
| 1 | Sex Act | Any imagery depicting sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal whether between person of the same or opposite sex), bestiality, masturbation, sadistic or masochistic abuse, degradation, or any such depiction of the above that lacks serious literary, artistic, political, or scientific value. |
| 2 | Lascivious Exhibition | Any imagery depicting the lascivious exhibition of the anus, genitals, or pubic area of any person, where a minor is engaging in the lascivious exhibition or being used in connection with sexually explicit conduct, which may include but is not limited to imagery where the focal point is on the child's anus, genitals, or pubic area and where the depiction is intended or designed to elicit a sexual response in the viewer. |

AFFIDAVIT OF SA KELLY H. FOREST - 17
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21. Your affiant has learned that Google has numerous processes in place to detect whether a known file is child pornography. Since 2008, Google has been using its own proprietary hashing technology to tag confirmed child sexual abuse images. Each offending image, after it is viewed by at least one Google employee, is given a digital fingerprint ("hash") that their computers can automatically recognize and is added to their repository of hashes of apparent child pornography as defined in 18 USC § 2256. Comparing these hashes to hashes of content uploaded to their services allows them to identify duplicate images of apparent child pornography to prevent them from continuing to circulate on their products.

22. Google also relies on users who flag suspicious content they encounter so they can review it and help expand their database of illegal images. No hash is added to their repository without the corresponding image first having been visually confirmed by a Google employee to be apparent child pornography.

23. Google trains a team of employees on the legal obligation to report apparent child pornography. The team is trained by counsel on the federal statutory definition of child pornography and how to recognize it on their products and services. Google makes reports in accordance with that training.

24. When Google's product abuse detection system encounters a hash that matches a hash of a known child sexual image, in some cases Google automatically reports the user to NCMEC without re-reviewing the image. In other cases, Google undertakes a manual, human review, to confirm that the image contains apparent child pornography before report it to the NCMEC. When Google discovers apparent child pornography, Google files a report with the NCMEC in a form of a CyberTip.

25. Google contributes to the NCMEC-hosted industry list of hashes in the format of PhotoDNA, which is a technology for hash matching licensed by Microsoft. Other members of industry who participate in the NCMEC-hosted industry hash sharing

AFFIDAVIT OF SA KELLY H. FOREST - 18
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

program, would have access to this hash list for the purpose of cleaning their platforms of abusive content.

26. Google also indicates on all of its CyberTips that:

a. With respect to the portion of this CyberTip containing the heading: "Was File Reviewed by Company?", when Google responds "Yes" it means the entire contents of the file reported were viewed by a person concurrently to or immediately preceding the sending of the CyberTip. When Google responds "No", it means that while the contents of the file were not reviewed concurrently to making the report, historically a person had reviewed a file whose hash (or digital fingerprint) matched the hash of the reported image and determined it contained apparent child pornography. In some instances, Google will not provide an answer to this question but will provide a description in the "additional information" field to explain the review conducted by a person at Google concurrently to or immediately preceding the sending of the CyberTip.

27. According to Microsoft's website, PhotoDNA works by converting images into a grayscale format, creating a grid, and assigning a numerical value to each tiny square. Those numerical values represent the "hash" of an image, or its "PhotoDNA signature." The program protects user privacy in that it does not look at images or scan photos; it simply matches a numerical hash against a database of known illegal images. As noted above, a hash value is an alphanumeric sequence that is unique to a specific digital file, and any identical copy of the file will have exactly the same hash value as the original, but any alteration of the file, including even a change of one bit, would result in a different hash value. Consequently, once a file has been "hashed," a suspected copy can be determined to be identical to the original file if it has the same hash value as the original, and not to be identical if it has a different hash value. According to a Microsoft fact sheet, "PhotoDNA enables analysts to calculate the unique digital signature of an image and then match that signature against [the unique signatures of known images of child pornography]."

28. Based on my training and experience and discussions with other law enforcement agents and forensic examiners, there are instances when ISPs/ESPs/Social Media websites may suspect that a file contains depictions of minors engaged in sexually

AFFIDAVIT OF SA KELLY H. FOREST - 19
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

explicit conduct and therefore have provided the file to NCMEC only to have law enforcement subsequently determine the image fails to meet chargeable standards of child exploitation under 18 USC § 2256 or other applicable standard.

## CONCLUSION

Based upon the above facts and circumstances, I believe that evidence of the Possession of Child Pornography in violation of Title 18, United States Code, Sections 2252(a)(4)(B), (b)(2) is located in the data and electronic files associated with CyberTip 220612839 as described in Attachment A.  Accordingly, I am requesting the Court to issue a search warrant to search all data and electronic files provided in CyberTip 220612839 as detailed in Attachment B.

The affidavit and application are being presented by reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3).

Kelly H. Forest, Special Agent
Federal Bureau of Investigation

The above-named agent provided a sworn statement to the truth of the foregoing affidavit by telephone on 1st day of June, 2026.

THE HON. MICHELLE L. PETERSON
UNITED STATES MAGISTRATE JUDGE

AFFIDAVIT OF SA KELLY H. FOREST - 20
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT A**

Places to be Searched

CyberTip 220612839 located at the Federal Bureau of Investigation Everett Resident Office.

ATTACHMENT A - 1
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

Items to be Seized

All data and electronic files provided with or attached to CyberTip 220612839.

ATTACHMENT B - 1
USAO #2026R00725

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970